Good morning. May it please the court. I'm Jerry Brown from the firm of Ray's Kersen and I represent Terrion Herman, the appellant in this matter. We are here to ask this court to reverse the district court's decision to vacate the order reopening the suppression hearing in this matter for two reasons. First, the district court erred in ruling that the Florida v. Jardines case did not state a new principle of law that would have justified the district court entertaining matters that were beyond the scope of the appellate court's remand for this matter. And second, that the search that was conducted in this case, which was done without consent for the law enforcement officer to be in the common area, that it did violate the Fourth Amendment under Jardines. One complication in my presentation of the argument, since the briefing in this case, this court decided the case of United States v. Gutierrez, which casts some important light on some of the issues argued in the briefs. Have you filed a Rule 28 letter? No, Your Honor. I have not. The court requires that step so that there are no surprises to either the court or opposing counsel. I learned of it recently and I apologize for not having filed that letter. Regarding our first issue, regarding whether Jardines constituted a new rule of constitutional law, Jardines was the first time- Counsel, let me tell you my problem with your argument in this case. There are two possibilities. One is Jardines creates a new rule. In that event, you can't get anywhere because under Davis v. United States, the exclusionary rule doesn't apply retroactively to conduct that occurs before a new rule. The second possibility is that Jardines didn't create a new rule. And in that event, there is no reason why this subject should be reopened. Right? The exclusionary rule just can't be used to implement Supreme Court decisions retroactively. That's the holding of Davis. Doesn't that just stop this case in its tracks? The district court did cite in its opinion cases that would allow a defendant to take advantage of new principles of law. I'm not asking about the mandate rule. I'm asking about the upshot of the Supreme Court's opinion in Davis v. United States, which is that the exclusionary rule does not apply to conduct that predated the announcement of a new rule. If the court takes a view that under no circumstances any change regarding what constitutes a permissible accident, that no defendant may take advantage of it after that ruling, I would concede yes, that would end this case. That's what Davis says, and your brief, both your opening brief and your reply brief, insists that Jardines creates a new rule. It seems to follow that under Davis, that can't be applied using the exclusionary rule retroactively. I can see that does present a rather significant difficulty for Mr. Herman with regard to his ability to take advantage of the ruling in Jardines. Actually, that is a civil case I was about to refer to. In the cases that the courts have reviewed since the imposition of Jardines, they've decided on a different basis other than the strict application of Davis, saying they simply can't be applied to reopen or suppress evidence that was gathered. The principle under which Jardines, on which it rests, while it is the first time the court articulated this, essentially as a bright line rule, if you're on private property, in the curtilage of the home, you must have a search warrant. The court had articulated concerns about doing dog sniffs on private property, even though it had not stated it as forthrightly as stated in the Jardines case. The fourth, the privacy concerns, we would contend, were sufficiently of record, although not fully articulated until the Jardines case, such that Mr. Herman should be able to benefit from the announcement of the Jardines decision. The argument I'm about to make lands me in another difficulty, in which the concerns that were raised in the Kylo and Jones opinions, while they do create Jardines, the concerns about being able to effectively search the interior of a private residence from a common area, those concerns were articulated, albeit on different bases. So we ask the court to consider that while Jardines does state a new basis for recognizing this principle, the rights intended to be protected already did exist, and Davis should not be applied to bar reopening of the suppression hearing under these circumstances. With regard to the mandate rule, the district court erred in ruling that the mandate rule, the only exception for it is a change of law regarding sentencing cases and criminal matters. We do cite in our brief other cases in which the exceptions to the mandate rule are recognized on the basis of changes in the law. Principally, we cite EEOC v. Sears Roebuck, in which the district court, after a remand on a summary judgment on a discrimination case, reconsidered an issue that the appellate court had reviewed based on a change in the law from the case of Toyota v. Williams. And on the second appeal, this court ruled that it was appropriate for the district court to consider this matter, even though it had been beyond the scope of the initial remand because of the change in the law. So the principal point for citing this case is that the exception to the remand rule is not as narrow as the district court asserted in its decision vacating the order to reopen the suppression hearing. It doesn't matter. You're in your rebuttal time, you know. At this point, I'll reserve the rest of my time for rebuttal. Thank you. Certainly. Mr. Brown? Mr. Miller? May it please the court, counsel. Eugene Miller for the United States. This court has articulated, better than I, the difficulty the defendant has in prevailing in this case, even if the defendant could get around the mandate rule, and we certainly don't concede that the defendant could, given that the defendant didn't challenge the dog sniff prior to trial, didn't, on appeal, the first appeal affirmatively told this court that there were no non-frivolous issues other than the fair sentencing act claim, and this court expressly remanded the case solely for resentencing in accordance with Dorsey and the fair sentencing act. So reopening suppression was outside, we believe clearly outside, the scope of this court's remand. But regardless, as the court has stated, it was certainly not an abuse of discretion for the court not to reopen suppression, given that the defendant had no chance of prevailing on the new issue. Davis makes clear that the exclusionary rule is not appropriate where law enforcement relies in good faith on binding appellate precedent. The defendant has stated in both his opening and his closing brief that the law at the time in the Seventh Circuit was that the search in this case, a dog sniff in a common hallway, did not violate the Fourth Amendment, and therefore the officer's reliance on that binding appellate precedent means the exclusionary rule would not apply here and the defendant would not be able to suppress the evidence, and therefore the court did not abuse its discretion in finding that there was no point in reopening suppression where the defendant could not prevail. If the court has no additional questions, I'll return the balance of my time. Thank you. Thank you.  Yes, Your Honor. Regarding the Davis case, the standard under Davis is when police conduct in search an objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply. While the binding precedent in this circuit would authorize searches involving a dog sniff when there was consent to be in the common area, there was no such consent in this case. What about the holdings in Villegas and Concepcion, both of which said that there was no property or privacy interest and therefore no reason was needed to enter an apartment hallway? In those cases, if the evidence at issue is actually discovered in the common area, I think that would control the answer. But in this case, we don't have evidence that was actually discovered in the common area. The police officers without authorization to be in the common area used that vantage point to conduct a dog sniff to ascertain information about what was going on in the private residence behind the closed door. So those cases are distinguishable. And while the relevant precedent does address dog sniffs conducted when there was authorization to be in the common area, I see my time is up. May I finish my response? Finish this sentence. Yes. While there was consent to be from that vantage point to conduct the dog search, there was no binding appellate precedent that authorized conducting the dog sniff when there was no such consent. As such, we would argue that Davis should not apply under these circumstances. Thank you, counsel. Thank you. Case is taken under advisement.